## STATE OF MISSOURI, Respondent, v. BLAKELY, Appellant.

**St. Louis Court of Appeals.   Submitted, January 6;   Opinion Filed, January 12, 1909.**

1. **APPELLATE PRACTICE: Motion for New Trial: Timely Exceptions.** Where no exceptions were saved to the action of the trial court in overruling a motion for new trial, the appellate court cannot review the rulings made at the trial.

2. **CRIMINAL PRACTICE: Obstructing Highway: Information.** An information filed before a justice of the peace for a violation of section 9454, Revised Statutes 1899, which charged defendant with obstructing, by fencing up, a public road and by failing to remove said obstruction after being notified, is defective for indefiniteness in not stating whether the offense charged is obstructing the road or failure to remove the obstruction after notice.

3. ————: ————: ————.   An information under section 9454, Revised Statutes 1899, charging the defendant with failure to remove an obstruction which he had placed upon a public highway, after notice to do so, is defective if it fails to state by whom the notice to remove the obstruction was given.

4. ————: ————: Prescription.   No right by prescription arises against the United States.

Appeal from Laclede Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED.

*L. C. Mayfield* for appellant.

*J. W. Mayfield* for respondent.

REYNOLDS, P. J.—This is an action commenced before a justice of the peace of Hooker township, Laclede county, against George Blakely, under section 9454, Revised Statutes 1899, for wilfully and knowingly obstructing a public road, known as the Lebanon and Jugtown road, in that county. On the trial of the case before the court defendant was found guilty and fined ten dollars. A motion for new trial was filed and overruled. No exception was saved to the action of the

court in overruling the motion for new trial, so that we cannot take up the rulings made at the trial. [State v. Luttrell, 136 Mo. 25.] A motion in arrest of judgment was filed, however, and overruled and exception duly saved. Among other grounds in arrest is that the information is insufficient in law and does not charge defendant with any offense and is uncertain in that it does not charge the date or the place where the offense was committed. The information charges that defendant "on the —— day of June ——, A. D. 1907, at the said county of Laclede, did then and there unlawfully, wilfully and knowingly obstruct by fencing up and across and by otherwise obstructing a certain public road in Laclede county, Missouri, known as the Lebanon and Jugtown road, the same being a public road and constantly used by the public for more than twenty years prior to said obstruction and that he the said George Blakely did wilfully, unlawfully and knowingly obstruct said public road by so fencing up and across same and refusing and failing to remove said obstruction after being notified to do so more than five days before filing this information."

Section 9454 provides that "if any person or persons shall wilfully or knowingly obstruct any public road by . . . fencing across or upon the right of way of the same, . . . or shall obstruct said road or highways in any other manner whatsoever, he or they shall each pay a fine of not less than five dollars nor more than one hundred dollars, to be recovered by indictment or by information. Any person who shall obstruct any public road by any of the means in this section named or otherwise, and shall fail or refuse, within five days after being notified by the road overseer of the district in which the obstructed road lies, requiring him or them to remove the same shall pay the sum of five dollars for each and every day he or they shall maintain such obstruction or permit the

same to remain in such road, or fail to remove the same after being notified as aforesaid, to be recovered by indictment or by information before a justice of the peace." We do not think that the information in this case states an offense under this section. It is furthermore subject to the criticism of indefiniteness. It is doubtful whether it is brought under the first or second clause of the section above quoted; that is, whether it is brought for the obstruction of the road, or whether it is for refusing to remove the obstruction after having been notified so to do. If it is intended to charge the last offense then it is defective in not stating by whom defendant was notified to remove the obstruction. The motion in arrest should have been sustained.

We take occasion to call attention to a defect in the transcript, in that it fails to set out the finding and judgment of the trial court in full. It merely states that "the court then found the defendant guilty and assessed his punishment at a fine of ten dollars; upon said finding judgment was duly rendered." That is not a correct way to set out the finding and judgment. It should have been set out in the transcript exactly as of record. Apart from this the transcript is exceptionally good, being carefully indexed and arranged in proper form.

In order to avoid possible trouble over this case in the future, we think it well to call attention to the fact that the claim seems to be made that the road had become a public road by having been constantly used by the public for more than twenty years. It appears that the land was entered under homestead entry by the defendant and that a patent was issued to him the 16th of September, 1904. The court, among other instructions, gave this: "The court declares the law to be that the government, by a sale of a part of its land for settlement and cultivation, by implication, grants the right to the people living in said com-

munity to make and lay out a public road over the public lands and where such road is made and used by the public, adopted by the public officers as a public road and worked by the road overseer and maintained as a public road for a period of ten years or more it becomes a public road of the county and the fact that the defendant in this case may have entered the land subsequent to the time that the road was located over the same and the use thereof as a public road by the public would not authorize him to close up or obstruct the same." That is not the law. No right by prescription or by virtue of the Statute of Limitations runs against any land, the title to which remains in the United States.

The judgment is reversed and the defendant discharged. All concur.